NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY (Self-Insured), Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and Dorothy A. Watkins, Respondents.

No. 78–1525.

United States Court of Appeals, Fourth Circuit.

Argued March 5, 1979.

Decided March 26, 1979.

Junius C. McElveen, Jr., Washington, D. C. (Robert H. Joyce, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Vincent F. Ewell, Jr., Newport News, Va., Newport News Shipbuilding and Dry Dock Company, on brief), for petitioner.

Mary A. Sheehan, U. S. Dept. of Labor, Washington, D. C. (Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., U. S. Dept. of Labor, Washington, D. C., on brief), for respondent Director, Office of Workers' Compensation Programs.

E. D. David, Newport News, Va. (John B. Bennett, South Boston, Va., Jones, Blechman, Woltz & Kelly, P. C., Newport News, Va., on brief), for respondent Dorothy A. Watkins.

Before BUTZNER and PHILLIPS, Circuit Judges, and ROBERT R. MERHIGE, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

PER CURIAM:

Newport News Shipbuilding and Dry Dock Company (Newport News) petitions for review of a decision of the Benefits Review Board awarding claimant Dorothy A. Watkins compensation benefits. The petition questions the assessment of penalty and interest against the company and the procedure followed in awarding an attorney's fee to the claimant's counsel.

We perceive no error in the assessment and computation of the penalty and interest. Newport News failed either to compensate Mrs. Watkins or to file notice controverting her right to compensation within 14 days after learning of her injury. Since there was no showing that nonpayment was due to conditions beyond Newport News' control, imposition of the "additional compensation," or penalty, was mandatory under 33 U.S.C. § 914(e). *See Newport News Shipbuilding and Dry Dock Co. v. Graham,* 573 F.2d 167, 171 (4th Cir. 1978). The penalty applies to each installment of compensation not paid within 14 days after it becomes due. Because the administrative law judge failed to render a decision within 20 days of the hearing, as required under 20 C.F.R. § 702.348, Newport News claims that it should not be held liable for a penalty and interest for any period in excess of 20 days after the close of the hearing. Administrative delay, however, may not adversely affect the statutory rights of a claimant. *Kerch v. Air America, Inc.,* 8 B.R.B.S. 490, 492 (1978). Interest was properly assessed since Newport News during this period had the use of money owed to the claimant.

Newport News also contends, and the Director of the Office of Workers' Compensation Programs agrees, that claimant's counsel did not follow the procedure outlined in 20 C.F.R. § 702.132, the applicable Department of Labor regulation, in applying for his fee. This section provides:

An attorney seeking a fee for services performed on behalf of a claimant with respect to claims filed under the Act shall make application therefor to the deputy commissioner, administrative law judge, Board, or court, as the case may be, before whom the services were performed.

Claimant's counsel submitted a fee request to the administrative law judge which included 7.75 hours spent in preparation for, and attendance at, an informal conference before the deputy commissioner. The administrative law judge awarded a fee without specifying whether any part of it was for services before the deputy commissioner. The Board affirmed the award of the administrative law judge, holding that he could properly award a fee for services performed before the deputy commissioner.

We conclude that the award must be vacated and the case remanded for allowance of attorney's fees in accordance with the regulation. The claimant's counsel should apply separately to the deputy commissioner, the administrative law judge, the Board, and the court for his fees in accordance with 20 C.F.R. § 702.132.

Vacated and Remanded.